Taliaferro, J.
The plaintiffs leased to the defendant for the term •of two years, commencing on the first of October, 1870, the storehouse No. 142, Canal street. New Orleans, at the rate of $400 per month. After occupying the premises about a month the defendant abandoned the store and gave up business. The plaintiffs brought suit against •him and took out a writ of provisional seizure, and caused to be seized by the sheriff a stock of merchandise in the store and three pianos which had been removed from the house within fifteen days from the time of the seizure; the pianos, however, were the property of the intervenors, who had placed them in charge of the defendant to be sold bn commission on their account, and who intervened, claiming them as their property. Judgment was rendered against the defendant as prayed for, but in favor of the intervenors, and the plaintiffs have appealed.
*88 La Hache, in May, 1870, was keeping a piano and music store in Baronne street. While there an agent of the intervenors engaged La Hache to sell pianos for them on commission, and within the course of a few months afterwards shipped to him seven pianos, which were placed in the store then occupied by La Hache, on Baronne street. When he removed.to the store he had leased from the plaintiffs he carried with him the three pianos of the intervenors, which remained unsold on the first of October. Before they were provisionally seized by the plaintiffs they had been removed from the store of plaintiffs and deposited with A. E. Blackmar, a dealer in articles of that kind.
The plaintiffs claim the lessor’s privilege on the pianos according to article 2707 of the Civil Code, which provides, “That this right of pledge affects not only the movables of the lessee and under lessee, but also those belonging to third persons when their goods are contained in the house or store, by their own consent, express or implied.”
The intervenors allege that the pianos were not in the plaintiffs* store- with their knowledge and consent; and that the pianos being goods consigned for sale on commission, and only transiently in the plaintiffs’ store, the provisions of article 2708 of the Code protects them.
The proper inquiry appears to be in this case, are the movables of a third person which have been in the house or store of a lessor, and while there subject to his privilege, to be considered when removed, as being m pari oasu with those of a lessee if seized by the lessor within fifteen days of the removal, provided the property continues to belong to the third person and can be identified ? The article 2709 of the Civil Code is express on the subject, that in such a case the movables of a lessee may be seized, but is silent as to whether those of a third person may be seized after removal. The effects of a third person, equally with those of the lessee are, by article 2707, made subject to the lessor’s privilege, when they are by his consent contained in the house or store of the lessor. By analogy, it would seem, the privilege would continue to attach like those of the lessee, and on the same conditions for fifteen days after removal. But by the well established rule that privileges are stricti juris, we are precluded from assuming that the effects of a third person are affected by the lessor’s privilege after their removal from his house or store. The law declares, a privilege in favor of the lessor on the property of third persons, only on the conditions expressed in article 2707 of the Code, and to those conditions we think the privilege must be restricted. Entertaining these views, we conclude the decree of the district court is correct.
Judgment affirmed.